UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE M. RUPPERT,<br><br>    Plaintiff,<br><br>  v.<br><br>DEUTSCHE BANK SECURITIES, INC. *et al.*,<br><br>    Defendants. | Civil Action 04-02255 (HHK) |

**MEMORANDUM OPINION**

  This action is a petition to modify or vacate an arbitration award made by an arbitration panel of the National Association of Securities Dealers ("NASD"). The award was made in favor of defendants, Deutsche Bank Securities, Inc. ("Deutsche Bank"), a financial services and securities firm, and William Mark Clark ("Clark"), an employee of Deutsche Bank, and against George M. Ruppert ("Ruppert"), a former Deutsche Bank customer whose investment account at the bank was serviced by Clark. Ruppert's petition is grounded on D.C. Code §§ 16-4301 *et. seq.* and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et. seq.* ("FAA"). Having considered the petition, the response thereto, and the arguments of Ruppert and counsel for defendants at a hearing, the court concludes that the petition must be denied and the arbitration award confirmed.

### I. BACKGROUND

Ruppert is a seasoned investor with investment accounts at several securities firms. He was a customer of Deutsche Bank (and its predecessors) from 1971 until September 2002 when he closed his account apparently after becoming dissatisfied with its performance.

On October 31, 2002, Ruppert filed an arbitration claim, and on December 6, 2002, an amended claim, with NASD charging, among other things, that defendants were guilty of "churning," breaching their fiduciary duty, and violating the Securities and Exchange Act of 1934, the New York Stock Exchange Rules, and NASD Rules of Fair Practice. The NASD conducted a four-day hearing on Ruppert's claims from August 23 through August 26, 2004. At the hearing, all parties were represented by counsel and were permitted to present evidence with respect to Ruppert's claims, including those grounded on an alleged forgery of an Option Agreement and Approval Form ("Option Agreement") that allegedly resulted in defendants' treating Ruppert's trading account as "nondiscretionary" rather than "discretionary." At the conclusion of the arbitration hearing, counsel for each party confirmed that his or her client had a full and fair opportunity to present any and all evidence in support of his or her position.

On September 14, 2004, the arbitration panel issued its award in favor of defendants. This action followed.

### II. ANALYSIS

**A. Standard of Review**

This case is governed by the FAA, legislation that Congress contemplated "[w]ould make valid and enforceable written provisions or agreements for arbitration of disputes arising out of contracts, maritime transactions, or commerce among the States or Territories or with foreign

nations." *Revere Copper & Brass v. Overseas Private Inv. Corp.,* 628 F.2d 81, 83 (D.C. Cir. 1980) (citing the FAA Preamble, Pub. L. No. 68-401).[1]  Generally speaking, courts look favorably on arbitration and strictly limit their review of arbitration awards.  Without a clear showing of misconduct or prejudice of the presentation of a party's case, the courts "ha[ve] no authority to modify or vacate an award by a qualified arbitrator that is the result of a process that appears to have afforded plaintiffs an opportunity to fully and fairly adjudicate their claims." *Bryson v. Gere,* 268 F.Supp. 2d 46, 50 (D.D.C. 2003) (citing *Fairchild & Co. v. Richmond, Fredericksburg & Potomac R.R. Co.,* 516 F.Supp. 1305, 1314, (D.D.C. 1981)); *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596 (1960).

**B.**     **Vacatur of an Arbitration Award**

A court may vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

---

[1]The grounds for vacatur or modification of an arbitration award pursuant to § 16-4311 and § 16-4312 of the D.C. Code are essentially the same as those set forth in the FAA. Therefore, the court's analysis is the same regardless of the statutory underpinning of Ruppert's arguments.

9 U.S.C. § 10.  Courts also recognize a limited nonstatutory ground for vacatur of an arbitration award where an arbitrator has acted in manifest disregard of the law.  *Kanuth v. Prescott, Ball & Turben, Inc.,* 949 F.2d 1175, 1178 (D.C. Cir 1991) (citing *Wilko v. Swan,* 346 U.S. 427, 436-37 (1953)).

Ruppert contends that the arbitration award in defendants' favor should be vacated because the arbitrators were partial and acted in manifest disregard of the law.  The crux of Ruppert's proof with respect to both asserted bases for vacatur is the failure of the arbitration panel to make an award in his favor in light of the unchallenged evidence he produced at the arbitration hearing showing that his signature on a Stock Option Agreement and Approval Form had been forged.  As a result of this alleged forgery, Ruppert's account was not designated a discretionary account, the type of account for which Clark would have had authority to place trade orders.  According to Ruppert, "[his] account suffered huge losses over and above the average losses in the stock market that occurred during the period from mid 2000 until he closed his account in September 2002."  Pl.'s Ex. A, ¶ 13.  Ruppert argues,

> The arbitration Award makes no reference to the proven (not just alleged) forgery of Mr. Ruppert's signature which is criminal wrong doing and a violation of NASD Rule 21.10 which requires that a member should observe just and equitable principles of trade.  The forged document issue is very material to Mr. Ruppert's claim and for the Panel to not address this violation in in the award or refer the matter to the NASD Enforcement Division appears to indicate arbitrator partiality and manifest disregard for the law.

*Id.* ¶ 14.

The problem for Ruppert is that his argument amounts to no more than a disagreement with the outcome of the arbitrators' decision. There is no evidence that the panel did not consider all of the evidence presented by Ruppert at the four-day arbitration hearing, including the evidence of a forged signature on the Option Agreement. Quite to the contrary, in making its award, the arbitration panel stated that it "consider[ed] the pleadings, the testimony and evidence presented in the hearing." NASD Dispute Resolution Award, Pl.'s Ex 1-A at 2. As for Ruppert's complaint that the arbitration panel did not address the issue of the alleged forgery when enunciating its decision, Ruppert fails to identify any authority, and the court is not aware of any, that requires arbitrators to explain the rationale for their awards. To the contrary, the rule that governs NASD arbitration proceedings does not require or appear to contemplate that an arbitration panel will state the rationale for its award.[2] In sum, Ruppert has not carried his heavy burden of showing partiality on the part of the arbitrators in this case. *See Al-Harbi v. Citibank, N.A.,* 85 F.3d 680, 683 (D.C. Cir. 1996) (citing *Peoples Security Life Ins. Co. v. Monumental Life Ins. Co.*, 991 F.2d 141, 146 (4th Cir. 1993) ("[T]he burden on a claimant for vacation of an arbitration award due to 'evident partiality' is heavy, and the claimant must establish specific facts that indicate improper motives on the part of an arbitrator.").

Ruppert fares no better with his assertion that the arbitration award should be vacated because the arbitrators manifestly disregarded the law. Like his arguments regarding the alleged

---

[2] Rule 10214 of NASD Code of Arbitration Procedure states: "The arbitrator(s) shall issue an award setting forth a summary of the issues, including the type(s) of dispute(s), the damages or other relief requested and awarded, a statement of any other issues resolved, and a statement regarding the disposition of any statutory claim(s)."

partiality of the arbitrators, Ruppert's assertions that the arbitrators disregarded the law are entirely *ipsit dixit*. A party seeking to have an arbitration award vacated on the ground that the arbitrators manifestly disregarded the law must at least establish that the arbitrators appreciated the existence of a governing legal principle but expressly decided to ignore it. *Kanuth*, 949 F.2d at 1182; *Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Bobker*, 808 F.2d 930, 934 (2d Cir. 1986). Ruppert does not do so. The proposition advanced by Ruppert, that the arbitrators could only conclude that the Option Agreement was "forged" and that he, therefore, was entitled to prevail is an argument, not a legal principle. Moreover, as defendants point out, "Mr. Ruppert did not (and cannot) allege or demonstrate that the losses allegedly sustained by the account resulted from the alleged forgery of the an [sic] Option Agreement." Defs.' Opp'n to Pl.'s Pet. at 10.

**C.  Modification of Arbitration award**

> A court may modify or correct an arbitration award:
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

Ruppert contends that on the face of the arbitration award there are mistakes with the dates on which he filed his Statement of Claim and his Uniform Submission Agreement with the NASD, and that these mistakes warrant a modification of the award. Ruppert's contention is without merit. He has not presented any evidence or reason for believing that the clerical errors he has identified play a part in the arbitration award. To the contrary, the mistakes Ruppert points out are minor clerical or typographical errors that are hardly the kind of "material" mistakes that would warrant this court's intervention.

### III. CONCLUSION

For the foregoing reasons, Ruppert's petition to modify or vacate the arbitration award made by NASD in favor of defendants must be denied. An appropriate order accompanies this memorandum opinion.

                                                  Henry H. Kennedy, Jr.
                                                  United States District Judge

Dated: July 11, 2005